**Candida Fatima Ferreira y PAULO; et al., Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70639.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

Candida Fatima Ferreira y Paulo, N. Las Vegas, NV, pro se.

Leonor S. Ferreira y Paulo, N. Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Candida Fatima Ferreira Y Paulo ("petitioner"), and her daughter, Leonor S Ferreira Y Paulo, both natives and citizens of Angola, petition pro se for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000), and grant the petition and remand.

The IJ found that petitioner established past persecution because she was kidnaped and held by rebels for 14 years, and repeatedly raped and beaten during those years. Because the IJ found that petitioner established past persecution, she was entitled to a presumption of a well-founded fear of future persecution. *See Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001); *see also Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (stating that "a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution").

Because the IJ did not apply this presumption, we grant the petition and remand to determine whether, once this presumption is applied, petitioner is eligible for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). We remand the petitioner's CAT claim because it could be affected by any evidence of future harm presented by the parties. *See id.*

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

